IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAYMOND HAWKINS,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3142 |
| | : | |
| **ROBERT ROSE,** *et al.*, | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 21st day of September, 2022, upon consideration of Plaintiff Raymond Hawkins's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Raymond Hawkins, #2022-0031, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Berks County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Hawkins's inmate account; or (b) the average monthly balance in Hawkins's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Hawkins's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Hawkins's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Berks County Prison.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, all claims seeking declaratory relief and all claims asserted against the Philadelphia Department of Prisons are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. The Clerk of Court is **DIRECTED** to **TERMINATE** the Philadelphia Department of Prisons as a Defendant in this case.

7. For the reasons stated in the Court's Memorandum, all claims based on conditions of confinement; procedural due process; deliberate indifference to medical needs, other than the claim against Defendant McCullum; access to the law library; and official capacity claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The deliberate indifference to medical needs claim against Defendant McCullum will proceed.

8. For the reasons stated in the Court's Memorandum, Hawkins's request for injunctive relief is **DISMISSED AS MOOT**.

9. The Clerk of Court is **DIRECTED** to send Hawkins a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

10. Hawkins is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state a plausible claims of: (1) unconstitutional conditions of

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

confinement; (2) procedural due process based on the failure to provide disciplinary hearings stemming from the April 15, 2021, and July 17, 2021 altercations; (3) deliberate indifference to serious medical needs; and (4) denial of access to the law library.  Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Hawkins's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 22-3142.  The amended complaint must also provide as much identifying information for the defendants as possible.  Hawkins may refer to a defendant by last name only if that is the only identifying information possessed.  If Hawkins wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[2]  **<u>If Hawkins files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Hawkins's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  Claims that are not included in the amended complaint will not be considered part of this case because the amended complaint becomes the pleading upon which the case will proceed.</u>**  Hawkins may not reassert a claim that has already been dismissed with prejudice or rename a party that has already been terminated from this case.  When drafting his amended complaint, Hawkins should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

---

[2] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Hawkins may file.

11. If Hawkins does not file an amended complaint the Court will direct service of his initial Complaint so that he may proceed **only** on his remaining claim, specifically, Hawkins's deliberate indifference to serious medical needs claim against Defendant McCullum. Hawkins may also notify the Court that he seeks to proceed on this claim only rather than file an amended complaint. If he files such a notice, Hawkins is reminded to include the case number for this case, 22-3142.

12. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

**BY THE COURT:**

/s/ Jeffrey L. Schmehl
**JEFFREY L. SCHMEHL, J.**